# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| BRIAN HOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:15-cv-82-GZS |
| | ) |
| JOSEPH DOLAN, | ) |
| BETTY ANN FORT &  LINDA ATACK, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court are the Motion to Dismiss Plaintiff's Complaint (ECF No. 11) by Defendants Joseph Dolan, Betty Ann Fort, and Linda Atack (together, Defendants) and the Motion for Oral Argument (ECF No. 16) by Plaintiff Brian Hogan.  The Motion for Oral Argument (ECF No. 16) is hereby DENIED upon the Court finding, in an exercise of its discretion, that the papers provide an adequate basis for deciding the pending Motion to Dismiss.  See D. Me. Local R. 7(f). As explained herein, the Defendants' Motion to Dismiss (ECF No. 11) is GRANTED.[1]

## I.      STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3).  In deciding a motion seeking dismissal, the Court assumes the truth of the

---

[1] The Court notes that it received a short letter from Plaintiff Brian Hogan on June 9, 2015 (ECF No. 23) that could be interpreted as requesting a stay of this matter or a dismissal without prejudice.  Because of the lack of clarity in this request from Plaintiff, the Court has chosen to address the merits of the pending Motion to Dismiss.

complaint's well-pleaded facts and draws all reasonable inferences in plaintiff's favor. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint." United Auto., Aero., Agric. Implement Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted); see also Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) ("When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss.") Additionally, when considering a motion to dismiss based on preclusion, the Court "may take into account the record in the original action." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

## II.  BACKGROUND & DISCUSSION

Via the pending pro se Complaint (ECF No. 1), Plaintiff seeks a judgment that includes the "assets of the trust," plus "one million dollars" in money damages. Plaintiff's factual allegations arise from the fact that upon the death of his mother, Lillian Hogan, in January 2002, he became the beneficiary of a trust established by his mother's estate. Defendants Betty Ann Fort and Linda Atack serve as the trustees of this trust and Joseph Dolan has acted as counsel for the trustees. Hogan claims that the Defendants have failed to pay his bills and otherwise use assets of the trust to provide for his care. He seeks to invalidate the trust in order to have unfettered access to the

assets currently held in the trust. He also seeks to set aside an August 2010 settlement involving the same parties and similar issues regarding expenditures of trust funds.

In connection with the pending Motion to Dismiss, both parties have provided the Court with documentation regarding prior cases filed by Hogan. The Court has reviewed all of these materials but discusses only those that are relevant to deciding the pending motion.

The first prior case, *In the Matter of the Estate of Lillian A. Hogan*, Superior Court of New Jersey Docket No. 39904, was filed on May 20, 2009 in the Superior Court of New Jersey, Chancery Division. (Gallagher Decl. Ex. B (ECF No. 11-6) (hereinafter the "First Case").) In this First Case, Hogan sought to terminate the trust and alleged that Fort and Atack breached their fiduciary duties to him, wasted trust property, and tortiously interfered with his inheritance. The First Case ended with the entry of the November 10, 2010 Consent Order (ECF No. 1-15/11-10), which dismissed the action with prejudice "except for the right to enforce the provisions of and/or seek relief for violation of this Consent Order." (ECF No. 1-15 at Page ID # 86.) This Consent Order memorialized a settlement that had been placed on the record on August 26, 2010. (Transcript (ECF No. 1-16 or 11-9).) Notably, Hogan's later attempt to set aside the settlement was denied on February 25, 2011. (Gallagher Decl. Ex. M (ECF No. 11-13).) In fact, the court found that Hogan had entered into the settlement agreement knowingly and voluntarily and was required to comply with the terms of the settlement agreement and the November 10, 2010 Consent Order. (Id. at PageID # 449.) On appeal, this decision was affirmed by the Superior Court of New Jersey Appellate Division on July 25, 2012. (Gallagher Decl. Ex. M (ECF No. 11-17).)

The second case between Hogan and his trustees, titled *O'Connor Motors v. Brian Hogan*, Maine Superior Court Docket No. CV-08-290, was filed on May 10, 2010 as a *pro se* third party

complaint in response to Hogan being sued on an outstanding debt to O'Connor Motors.[2] (Gallagher Decl. Ex. C (ECF No. 11-7). (hereinafter the "Second Case") While the allegation of the third party complaint were similar to Hogan's allegation in the First Case, this third party complaint was ultimately dismissed on November 12, 2010 for failure to properly serve Fort and Atack. (Gallagher Decl. Ex. D (ECF No. 11-8 ).)

The third case, titled *Brian Hogan v. Betty Ann Fort*, Superior Court of New Jersey Docket No. HNT-L-000002-11, which Hogan similarly filed *pro se*, named only his sister, Betty Ann Fort as a defendant. The complaint once again sought to have all of the trust assets paid to Hogan directly and have the trust and the consent agreement invalidated. (Gallagher Decl. Ex. J (ECF No. 11-14) (hereinafter the "Third Case").) The Third Case was dismissed with prejudice on March 18, 2011 in relevant part based on res judicata and the release contained in the settlement of the First Case. (Gallagher Decl. Ex. K (ECF No. 11-15).) In its order of dismissal, the court explained: "The consent order was a final judgment which addressed all of the same issues litigated here by providing that plaintiff was prohibited in pursuing any further litigation against defendants in connection with the disposition of Lillian Hogan's estate." (Id. at PageID # 465.)

The fourth case was filed by Hogan *pro se* in the same New Jersey courts in early 2015. (Gallagher Decl. Ex. N (ECF No. 11-15) (hereinafter the "Fourth Case").) It names the same three defendants named in the pending Complaint and the complaints are virtually identical in substance. On March 6, 2015, the Surrogate apparently spoke with Mr. Hogan regarding this pending matter and agreed to return various filing fees to Hogan given his representation that he was instead pursuing his action in this Court. (Gallagher Decl. Ex. O (ECF No. 11-19).)

---

[2] Notably, the O'Connors Lawsuit was referenced in Plaintiff's Complaint in the First Case. See 5/20/09 Complaint (ECF No. 11-6) ¶46.

4

Finally, the Court notes that the records filed with the Complaint also include a 2011 petition for appointment of a conservator, which was filed by Defendant Betty Ann Fort in Cumberland County Probate Court.  (See ECF No. 1-10 at Page ID # 67-68.)  It is not clear from the existing record what was the final result of that conservator proceeding.

Given the history of litigation between the parties, it is not surprising that Defendants argue that the pending claims are precluded.  Claim preclusion, also known as res judicata, is an affirmative defense that bars an action if the party asserting the defense can establish:  "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  FleetBoston Fin. Corp. v. Alt, 638 F.3d 70, 79 (1st Cir. 2011) (internal quotation marks and additional citations omitted).  Comparing the pending Complaint to the First Case and the Third Case, the Court believes all three elements are satisfied as to the Trustee Defendants.[3]  It is apparent that all of Hogan's complaints, including the one now before this Court, have the same causes of action and seek the same remedies.

However, the Court does recognize that Hogan appears to raise some factual issues regarding the administration of his trust that arose more recently and could not possibly have been decided in connection with the First Case.  Nonetheless, it would still appear that taking up these new factual disputes is best done in the context of the still applicable Consent Order.  In short, the Court concludes that this case is subject to dismissal as a result of the doctrine of res judicata.

---

[3] To the extent that Joseph Dolan was not named as a defendant in these earlier cases but did act as counsel in those earlier cases, the Court recognizes that the claims against him may not be subject to dismissal based on res judicata. However, the Court finds the pending Complaint does not actually contain sufficient independent allegations against Defendant Dolan to state a claim upon which relief could be granted and alternatively concludes that any claims against Dolan are subject to dismissal under the probate exception.

Alternatively, the Court also finds this case falls within probate exception to the subject matter jurisdiction of this Court. See, e.g., Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 24 (1st Cir. 2010) (explaining that "divvying up an estate falls squarely within the probate exception"). The Complaint asks this Court to cancel a trust and distribute its proceeds to him. (See Compl. ¶1 ("This is a civil action to . . . cancel the purported trust of Lillian Hogan[']s will and for Brian Hogan to receive assets direct."), ¶15 ("I ask the trust be terminated").) The Court notes that similar relief was sought via the Plaintiff's First Case, which was resolved with entry of November 10, 2010 Consent Order. In light of the relief sought and the existing Consent Order, the Court is satisfied that the jurisdiction for any pending dispute seeking to terminate the trust or further distribution of trust assets resides with the same New Jersey courts that resolved the earlier dispute.[4]

Defendants have also sought to enjoin Plaintiff from filing further similar lawsuits without leave from the Court. (See Defs. Motion at 16-17.) The Court declines to award such relief given the limitations of its jurisdiction over these parties and the trust at issue. However, the Court takes this opportunity to warn Mr. Hogan, who has engaged in excessive correspondence while this matter was pending (see, e.g., ECF Nos. 19-23), that making frivolous filings wastes judicial resources and unnecessarily delays the resolution of matters within this Court's jurisdiction. As a result, additional repetitive or frivolous filings that disregard this order of dismissal could result in the Court imposing sanctions and filing restrictions. See Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file).

---

[4] Given the Court's conclusions on res judicata and the probate exception, the Court need not address the personal jurisdiction arguments raised in Defendants' Motion. See Defs. Motion (ECF No. 11) at 11-14.

6

## III.     CONCLUSION

For the reasons just explained, the Court GRANTS the Motion to Dismiss and ORDERS that this case be DISMISSED with prejudice.

SO ORDERED.

                                             /s/ George Z. Singal
                                             United States District Judge

Dated this 20th day of July, 2015.